## In re CRAVE & MARTIN CO.

### (Circuit Court of Appeals, Second Circuit. December 12, 1910.)

### No. 85.

BANKRUPTCY (§ 317*)—CLAIMS—CREDITORS' COMMITTEE—CLAIMS OF ATTORNEY.

Where an agreement between the bankrupt and a committee of its creditors, more than four months before the filing of a bankruptcy petition, provided that the committee should take charge of the bankrupt's business, and made its expenses a first lien on the assets of the company, an attorney employed by the committee to advise and act for it, in the absence of a showing that the members of the committee were insolvent, had no claim or lien against the bankrupt's assets for the value of his services, but his rights should be worked out through the committee which employed him.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 317.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of bankruptcy proceedings of the Crave & Martin Company. Petition of Ferdinand E. M. Bullowa to review in matter of law the order of the United States District Court for the Southern District of New York, denying petitioner's application for an allowance for services as attorney prior to the institution of bankruptcy proceedings. rendered to a creditors' committee and claimed to be a lien on the assets of the bankrupt.

Early in 1907 Willard Haas & Co., then represented by petitioner, were among the largest creditors of the bankrupt, and were pressing them for payment; but not desiring to obtain an individual preference, and to preserve the assets of the bankrupt for ratable distribution, Haas & Co. called a consultation with several of the other creditors, and as a result a creditors' meeting was called and a committee appointed to take charge of the affairs of the bankrupt, preserve its assets, and liquidate its business. On March 21, 1907, more than four months prior to the filing of a bankruptcy petition, an agreement was made and signed by the Crave & Martin Company, ratifying the appointment and acts of the creditors' committee and making its expenses a first lien on the assets of the company. The committee employed petitioner to advise it, and attend to such legal matters as would arise in the conduct of the business of the company, and to secure the consent of the minority of the creditors to the appointment of the committee. Petitioner, acting under this retainer, secured the consent of all the minority creditors, and attended to numerous legal matters arising during the conduct of the business. covering a period of over five months, and rendered services in numerous instances requiring legal action and negotiations to preserve the assets of the estate and prevent its dissipation. Petitioner claims that his services were reasonably worth in excess of $1,000, of which he had received a total of $500, leaving a balance of an equal amount. The value of the services rendered was disputed, and the referee declined to allow the petitioner's claim, which on writ of review was affirmed by the District Court in an opinion of Mr. Justice Hand, from which petitioner brought the claim to the Circuit Court of Appeals on a petition to review, where the decision of the District Court was affirmed on the opinion below, which is as follows:

"It appears that the petitioner was employed by the committee of creditors, who reserved a lien on the estate for their expenses. The petitioner was not the lienor, but the committee, and they are not asserting it. I concede that this lien would inure to the petitioner's benefit if the committee were all insolvent, for he would be entitled then to his debtor's security; but that is not the case. He has neither a claim as a creditor nor as a lien-

or, and must work out his rights through the creditors' committee which employed him.

"Decision affirmed."

Ferdinand E. M. Bullowa (Raymond Reubenstein, of counsel), for petitioner.

Robinson, Biddle & Benedict (W. F. Allen, of counsel), for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Order affirmed, on the opinion of Judge Hand.